IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ESTELLA MARILY REYES GUEBARA  \*
8757 Georgia Avenue, Suite 400  \*
Silver Spring, Maryland 20910  \*

And

JOSE OVEL RIVERA OCHOA  \*
8757 Georgia Avenue, Suite 400  \*
Silver Spring, Maryland 20910  \*

   PLAINTIFFS,

   v.                                                                    Case No.:

KOROS, INC.  \*
d/b/a DOUBLE T DINER  \*
6300 Baltimore National Pike  \*
Baltimore, Maryland 21228  \*

   Serve: JOHN KOROLOGOS
          6300 Baltimore National Pike
          Baltimore, Maryland 21228

And

JOHN KOROLOGOS
6300 Baltimore National Pike
Baltimore, Maryland 21228

   DEFENDANTS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Estella Marily Reyes Guebara ("Ms. Reyes") and Jose "Joel" Ovel Rivera Ochoa ("Mr. Rivera") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their Complaint against Defendants Koros, Inc. d/b/a Double-T Diner ("Double T") and John

Korologos (hereinafter, "Korologos") (together, "Defendants") who together are jointly and severally liable to Plaintiff for unpaid wages, statutory liquidated damages, reasonable attorney's fees, and costs under the Federal Fair Labor Standards Act ("FLSA"), Maryland Wage Hour Law ("MWHL"), and Maryland Wage Payment Collection Law ("MWPCL").

## PARTIES AND JURISDICTION

1. Plaintiffs are each adult residents of the State of Maryland.

2. By acting as the named Plaintiffs in this action, Plaintiffs each affirm their consent to participate in an action seeking unpaid wages and damages under the FLSA and Maryland law.

3. Double T is a corporation formed under the laws of the State of Maryland and at all times relevant to this action operated as a restaurant featuring American-Style Diner Cuisine in Catonsville, Maryland.

4. At all times relevant to this action, Korologos substantially participated in directing and controlling the day-to-day operations of Double T. In this role, Korologos supervised and managed Plaintiff and other employees of Double T, set schedules and work hours for Plaintiff and other employees of Double T, participated substantially in setting the rate and method of compensation for Plaintiff and other employees of Double T, and was substantially in charge of keeping and maintaining all employment records for Plaintiff and all other employees of Double T.

5. At times material to this action, Plaintiffs performed employment work duties at the physical location of the Double T Restaurant in Catonsville Maryland and was directed and managed in the performance of their work duties by Korologos, individually.

6. For a period during the relevant time period, Plaintiff Mr. Rivera performed employment work duties at the physical location of Defendants' now closed Frederick, Maryland Double T Restaurant as was directed and managed in the performance of his work duties at the Frederick, Maryland restaurant location by Korologos, individually.

7. Both Defendants qualified as Plaintiffs' "employer" or "joint employers" under the FLSA, MWHL, and MWPCL.

8. Both Plaintiffs were both Defendants' "employees" with rights, protections, and privileges under the FLSA, MWHL, and MWPCL.

9. At all times, Defendants engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

10. At all times, Defendants had gross annual revenues exceeding $500,000.00, sold food and drinks to customers that passed in interstate commerce, and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

11. At all times, Plaintiffs handled goods and work tools (specifically food and cooking products) that traveled across state lines and were otherwise individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. Subject matter jurisdiction in this Court is proper because Plaintiffs bring Federal Question claims against Defendants under the FLSA and, pursuant to the foregoing, personal jurisdiction and venue is proper in this Court.

13. This Court properly confers supplemental jurisdiction over Plaintiffs' MWHL and MWPCL state law wage claims that arise out of the same common nucleus of fact as Plaintiffs' Federal Question FLSA claims.

## FACTS

14. Mr. Rivera was employed by Defendants as a food preparer at the Catonsville (and for a time, the Frederick) Double T Diner location for the period of about 2009 through about October 2019.

15. For the period of at least 2016 until about June 2019, Mr. Rivera typically worked six (6) days per week, from 9:00 PM - 9:00 AM, for seventy-two (72) hours per week. During this period, Defendants paid Mr. Rivera a flat weekly salary of about $628.00 per week.

16. For the period of about July 2019 through about October 2019, Mr. Rivera's schedule was reduced to about 9:00 PM - 6:00 AM, for fifty-four (54) hours per week. During this period, Defendants paid Mr. Rivera as an hourly employee at $10.00 per hour (a rate $0.10 less than the Maryland Minimum Wage), and without inclusion of the required "half time" overtime premium wage for overtime Mr. Rivera worked each week over forty (40) hours.

17. Ms. Reyes is employed by Defendants as a food preparer (previously as a dishwasher) at the Catonsville Double T Diner location for the period of about July 2018 through about October 2019.

18. For the period of about July 2018 through about June 2019, Ms. Reyes worked either five (5) or six (6) shifts per week. During this period, Ms. Reyes' shifts were typically twelve hours (12). During this period, in weeks that Ms. Reyes worked five (5) shifts, Defendants paid her $450.00 and in weeks that Ms. Reyes worked six (6) shifts, Defendants paid her $540.00.

19. For the period of about July 2019 through about October 2019, Ms. Reyes' schedule has been reduced to about 9:00 PM - 6:00 AM, for fifty-four (54) hours per week. During this period, Defendants paid Ms. Reyes as an hourly employee at the rate of $8.00 per

hour (a rate $2.10 less than the Maryland Minimum Wage), and without inclusion of the required "half time" overtime premium wage for overtime Ms. Reyes worked each week over forty (40) hours.

20. Defendants now owe Ms. Reyes unpaid minimum wage and overtime compensation in the amount of about sixteen thousand dollars ($16,000.00).

21. Defendants now owe Mr. Rivera unpaid minimum wage and overtime compensation in the amount of about twenty-five thousand dollars ($25,000.00).

22. Prior to the relevant period, Defendants were sued for Federal and Maryland wage and hour violations and had actual knowledge of the Maryland minimum wage and overtime compensation requirements.

23. At all times, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiffs (or failed to pay Plaintiffs) each week was in direct violation of the Federal and Maryland wage and hour laws.

24. Defendants did not keep or maintain accurate contemporaneous time or compensation records for Plaintiffs.

### CAUSES OF ACTION

### COUNT I
### (Violation of the FLSA)

25. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

26. As set forth above, Defendants failed to pay Plaintiffs at the FLSA required time-and-one-half overtime rate for overtime hours worked each week in excess of forty (40).

27. Defendants' failure to pay Plaintiffs wages as required by the FLSA was with actual knowledge of illegality, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count I for unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### (Violation of the MWHL)

28. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

29. As set forth above, Defendants failed to pay Plaintiffs for work performed in Maryland at the required Maryland Minimum Wage rate and failed to pay Plaintiffs at the MWHL required time-and-one-half overtime rate for overtime hours worked each week in excess of forty (40).

30. Defendants' failure to pay Plaintiffs wages as required by the MWHL was with actual knowledge of illegality, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II for unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### (Violation of the MWPCL)

31. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

32. Without legal excuse or justification, Defendants withheld and failed to timely pay Plaintiffs all wages due for work duties performed in the State of Maryland as described above.

33. Defendants' failure to timely pay Plaintiffs all wages due on time and as required by Maryland law constitutes a violation of the wage payment requirement of the MWPCL.

34. Defendants' failure to pay Plaintiffs all wages due for work performed was willful and intentional, was not the result of any *bona fide* dispute between any Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III, for unpaid wages in an amount as is proven at trial, plus two times (2x) the amount of unpaid wages as additional liquidated damages (a trebled damages total amount), interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*